UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARES KARADSHEH,

    Plaintiff,

Case No. 1:08-cv-988

Hon. Robert J. Jonker

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's original and amended "Notice of application for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" ("EAJA") (docket nos. 16 and 18).[1]

**I.    Background**

On November 3, 2009, the undersigned issued a Report and Recommendation ("R & R") to reverse and remand this action pursuant to sentence four of 42 U.SC. § 405(g). *See* docket no. 14. On November 25, 2009, the district judge adopted the R & R as the opinion of the court, and ordered that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See* docket no. 15. Plaintiff now seeks fees under the EAJA in the amount of $2,556.04.

---

[1] Plaintiff apparently filed the amended application to include a signed copy of an affidavit from plaintiff. Compare docket nos. 16-2, 18-3 and 18-4.

## II. Plaintiff's claim for fees under the EAJA

### A. Legal standard

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). Defendant's only objection raised to plaintiff's application is that the government's position was substantially justified.

### B. Discussion

#### 1. The government's position was not substantially justified

In the R&R, the undersigned determined that the ALJ had failed to undertake a thorough review of plaintiff's medical treatment from 2005 through 2007, did not properly evaluate the opinion of a treating physician (Dr. Duemler), did not address the opinions of a treating rheumatologist (Dr. Eggebeen), and made a credibility determination of plaintiff which was not supported by substantial evidence. In addition, the undersigned agreed with plaintiff that the ALJ engaged in speculation regarding the relationship between the newly diagnosed condition of

2

ankylosing spondylitis and the degenerative changes in his spine. The undersigned recommended that on remand, "the Commissioner should undertake a thorough review of plaintiff's treatment as documented from 2005 through 2007, and re-evaluate Dr. Duemler's opinion in light of the treatment notes and Dr. Eggebeen's opinion" and that "after the Commissioner determines plaintiff's underlying medically determinable physical impairments on remand, he should determine the credibility of plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms." R&R at pp. 10, 12-13.

In his opposition to plaintiff's application for EAJA fees, defendant disagrees with the court's decision on this issue, setting forth a lengthy discussion of the medical evidence, to reach the conclusion that the ALJ provided good reasons for rejecting the doctor's opinions. Defendant also criticizes the court for discussing plaintiff's ultimate diagnosis of ankylosing spondylitis, noting that the exact diagnosis was "largely irrelevant" because "a mere diagnosis says nothing about the severity of the impairment," and that the ALJ's decision "reasonably reflected Plaintiff's actual abilities."

Defendant's most recent review of the medical evidence and his disagreement with the court's decision in this case does not establish that the government's position was substantially justified. With respect to the new diagnosis of ankylosing spondylitis, defendant repeats the legal standard (which this court applied) that the mere diagnosis of a condition "says nothing about the severity of the condition." This court went on to address that issue as follows:

> However, in this case, the new diagnosis merits further investigation by the Commissioner. The ALJ admitted that the record is unclear with respect to the limitations caused by the ankylosing spondylitis (AR 20). In addition, the ALJ's belief that this newly diagnosed condition "likely" caused the degenerative changes in plaintiff's spine appears unsupported by any evidence. The ALJ may not substitute his medical judgment for that of plaintiff's physicians. *See Meece v.*

*Barnhart*, 192 Fed. Appx. 456, 465 (6th Cir. 2006) ("the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). Furthermore, the diagnosis could provide objective medical evidence to support both Dr. Duemler's opinion and plaintiff's complaints of chronic, disabling pain.

R&R at pp. 9-10.

The ALJ failed to articulate good reasons for rejecting Dr. Duemler's opinion issued on October 22, 2007, and performed an incomplete review of the medical records. For these reasons, the court concludes that the government's position was not substantially justified.

**2. Amount of fees under the EAJA**

Plaintiff seeks compensation of $2,556.04, based upon an hourly rate of $173.88 for 14.7 hours worked on this matter. Under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff bears the burden of producing appropriate evidence to support an increase in fees over the statutory hourly rate. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). In *Bryant*, the Sixth Circuit clarified that submission of the Department of Labor's consumer price index (CPI) and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA. *Id.* Rather, "[p]laintiffs must 'produce satisfactory evidence - in addition to the

4

attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.*, quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984). Here, plaintiff did not submit evidence to establish the prevailing rates in the Western District of Michigan as required by *Bryant*. Nevertheless, this court has previously determined that an hourly rate of $175.00 is a reasonable hourly rate for work performed in a successful Social Security appeal in this district. *See, e.g., Morrison v. Commissioner*, No. 1:04-cv-254, 2008 WL 828863 (W.D.. Mich. March 26, 2008). Plaintiff's request for $173.88 falls within this rate. Accordingly, plaintiff is entitled to the requested EAJA fees in the amount of $2,556.04.

### III. Plaintiff's assignment of fees to his counsel

Plaintiff seeks to have the fees in question paid directly to plaintiff's attorney, to whom plaintiff has assigned such fees. In *Bryant*, the Sixth Circuit also held that EAJA fees are to be awarded to the plaintiff as the "prevailing party," rather than to the plaintiff's counsel. *See Bryant*, 578 F.3d at 446-49 ("we conclude that [Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney"). Plaintiff's assignment to his counsel (*see* docket nos. 18-3 and 18-4) does not alter the legal framework as set forth in *Bryant*, i.e., that the court awards EAJA fees to the prevailing party, not the party's attorney. *See, e.g., Rosenstiel v. Astrue*, No. 2:08-cv-231, 2009 WL 3061996 at *2 (E.D. Ky. Sept. 22, 2009) (after determining that a Social Security claimant cannot assign EAJA award to counsel as part of the EAJA proceedings, the court noted that while the claimant's contract assigning the EAJA fee to his counsel did not alter the analysis "with respect to what is required under the applicable statute and case law," the court's order did not prevent the claimant "from subsequently assigning the proceeds to his attorney in

accordance with the fee contract"). Accordingly, plaintiff's request for this payment arrangement should be denied.

       **IV.     Recommendation**

Accordingly, I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket nos. 16 and 18) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$2,556.04**.


Dated:  September 17, 2010                                    /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).