UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARES KARADSHEH,

        Plaintiff,

Case No. 1:08-cv-988

Hon. Robert J. Jonker

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's counsel's motion for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 22).

**I.**    **Background**

Plaintiff filed this action appealing the Commissioner's decision on October 21, 2008. Upon review, this court reversed the ALJ's decision denying benefits and remanded the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Order Approving Report and Recommendation (docket no 15). The court subsequently entered an order awarding plaintiff attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount of $2,556.04. Order Approving Report and Recommendation (docket no. 21).

Plaintiff's counsel now seeks attorney fees pursuant to 42 U.S. § 406(b). In support of the motion, counsel has advised the court: that plaintiff and his counsel entered into a fee agreement before commencing the federal court proceedings under which counsel is entitled to 25% of the past-due benefits awarded to plaintiff; that on remand from this court, the Social Security Administration (SSA) awarded plaintiff benefits; that the amount of past-due benefits payable to

plaintiff total $91,849.00; that the SSA withheld 25% of the past due benefits amounting to $22.962.25, to pay for attorney fees; that the SSA used $5,300.00 of the withheld past due benefits to pay for attorney fees for work performed at the administrative level; that the SSA has instructed plaintiff's counsel to petition the Court for any additional fees for federal court proceedings; and, that plaintiff and counsel have agreed to reduce the contingent fee due under the agreement from $22,962.25 to $10,600.00. *See* Motion (docket no. 22). Counsel further states that if the reduced fee of $10,600.00 is approved and paid, plaintiff's counsel will refund to plaintiff the $5,300.00 previously paid by the SSA, along with the EAJA fee $2,556.04 previously awarded by this court, resulting a net out-of-pocket attorney fee to plaintiff of $2,743.96 for work performed during the federal court proceedings. *Id.* Defendant's only opposition to plaintiff's motion is that the requested award of attorney fees would constitute a windfall. Defendant, however, does not propose an amount which would constitute a reasonable fee in this case.

## II.     Legal standard

Attorney fee awards in social security cases are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's

2

past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25 percent of past-due benefits. *Id.* at 807; § 406(b0(1)(A). Within the 25 percent boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Since the burden of persuasion is on the claimant's attorney, this seems to negate a presumption in favor of the agreed upon amount. *Id.* at 807 and fn. 17. In determining the reasonableness of the contingent fee, the court can reduce the fee based upon "the character of the representation and the results the representative achieved." *Id.* at 808. For example, it is appropriate to reduce the fee when representation is substandard. *Id.*, citing *Lewis v. Secretary of Health and Human Svc.,* 707 F.2d 246, 249-250 (6th Cir. 1983). Also, if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht,* 535 US. at 808, citing *Rodriguez v. Bowen,* 865 F.2d 739, 746-747 (6th Cir. 1989)(en banc). And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

### III. Discussion

#### A. The previous fee awards

Here, plaintiff has received two previous attorney fee awards. First, this court awarded plaintiff $2,556.04 under the EAJA for work performed in this case related to the reversal and remand of the ALJ's decision denying benefits. Plaintiff has properly reduced his fee request

by deducting the amount of the EAJA award. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

Second, the SSA awarded plaintiff $5,300.00 for work performed before the agency in securing an award of benefits. Plaintiff has properly reduced his fee request in this court by deducting this amount awarded by the SSA for work performed before that agency. While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the federal court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir. 1994) (en banc) (concluding that under § 406(b), "each tribunal may award fees only for the work done before it").

### B. The reasonableness of the requested fee award

Based on the record in this case, the court concludes that the requested fees are reasonable. Under the contingent fee agreement, plaintiff's counsel would receive $22,962.25, 25% of the past due benefits. Counsel agreed to reduce this amount to $10,600.00, which corresponds to a contingent fee of approximately 11.5%. Of this amount, counsel agreed to subtract $5,300.00 for his work performed before the SSA. While this amount would need to be deducted from the total amount of the withheld past due benefits, counsel was not required to deduct this amount from the reduced contingency fee of $10,600.00.[1] In addition, counsel correctly reduced his requested fee by the previous court-awarded EAJA fees in the amount of $2,556.04. These deductions result in a net attorney fee award of $2,743.96. Defendant contests this fee as a windfall, pointing out that

---

[1] In other words, plaintiff's counsel could seek the $10,600.00 fee in addition to the $5,300.00 fee, and still remain below the 25% contingency fee of $22,962.25. Of course, if plaintiff's counsel had sought a larger fee in this matter, then the court would review the reasonableness of this larger fee.

4

plaintiff's counsel spent only 14.7 hours working on the federal court proceedings and that a $10,600.00 fee award would result in counsel receiving a windfall by receiving payment at an hourly rate of more than $721.00 per hour. The court disagrees.

### 1. The character of the representation

Plaintiff's counsel stated in his affidavit that he has extensive experience in this area, having represented over 750 clients before the SSA and having filed over 20 federal court lawsuits relating to disability claims since 1994 and that his regular hourly rate for legal services ranges from $150.00 to $200.00. Geelhoed Aff. at ¶¶ 5-8. An experienced attorney in Social Security disability matters should be more efficient - and generate fewer billable hours - than an inexperienced attorney who rarely worked on these matters. Accordingly, the court finds no reason to reduce the fee request on the ground that Attorney Geelhoed only expended 14.7 hours to secure a sentence-four remand in this matter.

### 2. The results the representative achieved

Plaintiff received significant results in this matter, resulting in a finding that plaintiff was disabled and entitled to past due benefits in the amount of $91,849.00. Plaintiff's counsel has avoided a windfall by reducing the amount of fees requested from a 25% contingent fee ($22,962.25) to a contingent fee of approximately 11.5% ($10,600.00). Counsel has further voluntarily reduced the contingent fee request by $5,300.00, the amount awarded by the SSA. As the court previously discussed, under the facts of this case, plaintiff's counsel was not required to reimburse plaintiff for this SSA award (unlike the EAJA award, which counsel must refund to plaintiff). Therefore, the net attorney fee requested is $5,300.00, an amount which would correspond to a 5.75% contingent fee, and an hourly rate of approximately $360.00. This hourly rate would not result in a windfall to plaintiff's counsel. *See Hayes v. Secretary of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991) (observing that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable" given that "social security attorneys are successful in approximately 50% of the cases they file in the court"). Accordingly,

the court finds that plaintiff's request for attorney fees is reasonable under § 406(b)(1)(A).

### IV. Recommendation

For the reasons stated above, I respectfully recommend that plaintiff's motion for attorney fees (docket no. 22) be **GRANTED** in the amount of **$10,600.00**.

I further recommend that, immediately upon receipt of this fee award, plaintiff's counsel be directed to pay plaintiff **$7,856.04** as reimbursement for the previous fees awarded by this Court and the SSA.


Dated: September 26, 2011                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).